IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FISHER-PRICE, INC., <br><br> Plaintiff, <br> v. <br> SAFETY 1st, INC., et al., <br><br> Defendants. | CIVIL ACTION NO. 01-051 (GMS) |

## OBJECTIONS OF SAFETY 1ST TO BILL OF COSTS

Pursuant to Fed. R. Civ. P. 54(d) and D. Del. L.R. 54.1, Defendants ("Safety 1st") submit the following objections to the bill of costs filed by Plaintiff Fisher-Price, Inc.'s ("Fisher-Price") on June 16, 2008 (D.I. 560).

1.

Fisher-Price included in its bill of costs $11,697.70 for depositions. The only actual invoice Fisher Price submitted, however -- in the amount of $1,558.07 for the deposition of Joseph Mabardy -- includes charges not properly taxable. Local Rule 54.1(b)(3) limits recovery to the "reporter's reasonable charge for the original and one copy of a deposition," and disallows "charges for counsel's copies." In the case of the Mabardy deposition, Fisher-Price was entitled to $792 for "Original Transcript & 1 Copy," and $90 for "Reporter Appearance Fee/Session," and $40.82 for shipping, only. The other charges of $635.25 for expedited delivery, rough ASCII, compressed transcript, word index, etc. were for the convenience of counsel and thus should be treated the same way as charges for counsel's copies. Safety 1st asks that these costs be rejected.

2.

Fisher-Price did not submit invoices for the remaining $10,139.63 in deposition costs. Safety 1st asks that these cost be rejected until Fisher-Price submits invoices that separate the permissible charges from those that would not be allowed.

3.

Fisher-Price also included in its bill of costs $2,398.18 for copies of documents from the United States Patent Office. Local Rule 54.1(b)(5) provides these "are taxable at the rate charged by the Patent Office." It appears, however, that Fisher-Price has taxed the amount charged by its vendors (Faxpat and Patent Imaging Corp.), rather than the rate charged by the Patent Office. The rule requires taxing at the Patent Office's rate. The Patent Office's charges would be but a small fraction of the amount billed by the vendors. Safety 1st therefore, asks that these charges be rejected.

|  |  |
|---|---|
| Of Counsel:<br>James J. Foster<br>Robert M. Abrahamsen<br>Ilan N. Barzilay<br>Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue<br>Boston, MA 02210<br>Tel: (617) 646-8000<br><br>Dated: June 23, 2008 | /s/ Anne Shea Gaza<br>Frederick L. Cottrell, III (#2555)<br>cottrell@rlf.com<br>Anne Shea Gaza (#4093)<br>gaza@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Tel: (302) 651-7700<br>*Attorneys for Defendants*<br>*Safety 1st, et al.* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE  19899

I hereby certify that on June 23, 2008, I sent by Federal Express the foregoing document to the following non-registered participants:

William E. Wallace, III
Milbank, Tweed, Hadley & McCloy LLP
1850 K Street, N.W., Suite 1100
Washington, DC  20006

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
gaza@rlf.com